## STATE MEDICAL BOARD v QUILTER

Ohio Appeals, 3rd Dist, Seneca Co

Decided Nov 5, 1935

John W. Bricker, Columbus, and E. G. Schuessler, Cincinnati, for plaintiff in error.
Frick & Abbott, Tiffin, for defendant in error.

### OPINION

By GUERNSEY, J.

This proceeding in error is brought to reverse said judgment of the Common Pleas Court.

There are a number of assignments of error in the petition in error, but in its brief filed in this court the plaintiff in error limits its claim of error to one question which, under the provisions of §12248, GC, will be the only one considered by the court.

The question presented in the brief is stated as follows:

"The sole question presented in this case is whether or not the Ohio State Medical Board on the facts presented at the hearing, had properly exercised the powers granted to it by statute in revoking the

**330**

certificate of the defendant in error or whether such action by the State Medical Board was without justification and amounted to an abuse of discretion."

In arguing this question in the brief, it is stated by the plaintiff in error that:

"The sole issue before the Common Pleas Court was whether or not the State Medical Board abused the discretion conferred upon it by statute when it revoked the license of the defendant in error. That the court below refused to consider the question presented to it in this light is manifest from the conclusion reached by it. The court understook to pass on the precise question, which by statutory mandate was the board's duty to determine. True, when the appeal of the defendant in error was perfected, it became the court's duty to hear and determine the same. Hear and determine what, however? Clearly, not the merits of the case which the defendant in error, over the objections of plaintiff in error, attempted to present to the court, but to review the findings of the State Medical Board and determine whether that body properly performed the duty enjoined upon it by law, and properly exercised its discretion."

The question presented is to be determined by a consideration of the provisions of §§1275 and 1276, GC. These sections, in so far as an appeal from the action of the State Medical Board refusing to grant or suspending or revoking a certificate or license for the causes named in §1275, GC, to the Common Pleas Court, were interpreted by the Supreme Court of Ohio in the case of **Rutledge v State Medical Board, 106 Oh St, p. 544.** And in the opinion in this case at page 549, after discussing the provisions of said section with reference to an appeal, it is stated:

"We have, therefore, reached the conclusion that the applicant was entitled to an appeal and to have the matter heard by the Common Pleas Court upon appeal, and that the hearing should involve the merits of his claim and not necessarily the truthfulness of the allegations of his petition."

And in the case of **Nesmith v State Medical Board of Ohio, 107 Oh St at p. 627,** the Supreme Court upon the authority of the Rutledge case, supra, for the reasons stated in the opinion in that case, ordered that the case be remanded to the Common Pleas Court for further proceedings and that the Court of Common Pleas be instructed to hear said appeal case upon its merits.

Neither of these decisions have been overruled or distinguished and therefore stand as the law of Ohio on the subject.

Under the provisions of §§1275 and 1276, GC, and the decisions mentioned, it was the duty of the Common Pleas Court to hear the appeal of the defendant de novo upon the merits, and neither the question as to whether the State Medical Board on the facts presented at the hearing before it had properly exercised the powers granted to it by statute in revoking the certificate of the defendant in error nor the question as to whether such action by the medical board was without justification and amounted to an abuse of discretion, was properly before the court. This being the case, the claim of error by the plaintiff in error as to the action of the court in hearing and disposing of the case on its merits, has no foundation. Finding no error, the judgment of the Common Pleas Court will be affirmed at costs of plaintiff in error.

KLINGER and CROW, JJ, concur.