**FARRAND, Plaintiff-Appellee, v. STATE MEDICAL BOARD, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3638.    Decided September 28th, 1943.

Thomas J. Herbert, Attorney General, Clemens R. Frank, Asst. Atty. General, Columbus, for the State Medical Board. Randolph W. Walton, Columbus, for Jacob H. Farrand.

## OPINION

By BARNES, P. J.

The above-entitled cause is now being determined as an error proceeding by reason of defendant's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

The proceeding originated before the State Medical Board on a complaint instituted against Jacob H. Farrand, in that he was violating the rules and regulations governing limited practitioners in the use of the unqualified title of "Dr." upon his signs, card and stationery, and engaging in the general practice of medicine and surgery. Mr. Farrand held certificate No. 848 to practice chiropractic in the state of Ohio, and certificate No. 1029 to practice mechanicotherapy in the State of Ohio. Apparently, it was uncontradicted that Mr. Farrand did use on his professional card and the calendar the unqualified title of "Dr." It was also apparent that there was a dispute as to whether or not he prescribed certain medicines to his patients. A rule of the Board was in the following language:

"A certificate authorizing the practice of a limited branch or branches of medicine or surgery will confer the right to use the title 'Doctor' or 'Dr.' provided that such use is qualified by the designation of the limited branch of certificate holder."

Sec 1274-6 GC, confers upon the Board the power to revoke or suspend the certificate of anyone to whom a limited certificate has been issued, upon proof of a violation of the rules or regulations established by the Board governing such limited practice.

Upon hearing the Board revoked Mr. Farrand's certificates previously issued to him. Thereafter, Mr. Ferrand, acting under the authority of §1276 GC, appealed from the action of the Board of the Common Pleas Court.

Amended Section 1276 was enacted April 20, 1915, (O. L. Vol. 106, pp. 177 and 178). This enactment preceded the new procedural Code and is not in any way modified by the latter. Mr. Farrand's appeal from the order of the medical board was designated as an appeal on law and fact. At the time of the enactment of §1276 GC, the term "appeal" had a well defined meaning and meant a de novo hearing.

Sec. 12223-3 GC, being one of the sections in what we designate as the New Procedural Act, likewise grants the right of appeal from the orders of any commission when such a right is provided by law.

We have no difficulty in determining that the appeal from the order of the Medical Board to the Court of Common Pleas was a de novo appeal. **State Medical Board v Quilter, 4 OO 416. Seitz v Ohio Medical Board, 24 Oh App., 154.** This is important for the reason that in a de novo appeal the Court, to which the case or proceeding is appealed, tries it as an original action the same as though there had been no previous hearing and order, whereas in a review on error the reviewing Court starts out with the proposition that the order or judgment is presumptively correct and may not be reversed unless it affirmatively appears that prejudicial error has intervened. Parenthetically, we might say that some form of appeal is provided from the final order of any and all state commissions or bureaus, and in many instances the procedure on appeal is outlined by statute. In some of these the procedural provisions in effect provide review on error, whereas in others it specifically provides a de novo appeal. The Supreme Court in Ohio in the case of **Rutledge v The State Medical Board, 106 Oh St 544,** had under consideration this same section, §1276 GC, and called attention to the fact that while the section grants the right of appeal, it does not define the procedure in perfecting such appeal. The Court further states that the right to appeal as conferred is a substantial right

which does not fail because of the failure to provide the mode of perfecting it.

We do not have before us any bill of exceptions and hence we are unable to review the evidence. There is attached to the transcript of the docket and journal entries what purports to be the entire proceeding, including the evidence taken before the Medical Board. We might surmise that the Common Pleas Court considered and determined the case on such record, but we find nothing wherein the parties through their counsel agreed that such transcript should be the evidence to be considered by the trial court. In the absence of such an agreement a bill of exceptions would be essential to a review in our Court. In the absence of such a bill we must assume that there was sufficient evidence presented to the trial court to support his judgment.

The trial court sustained the finding of the Medical Board in every particular except that he modified the order of the Board revoking the license to a suspension until such time as Mr. Farrand should comply with the rule. In the opinion of the trial court and also in the journal entry the order of the Medical Board was modified.

Being a de novo hearing, the judgment need not have made any reference to the order of the Medical Board. However, this is unimportant. The journal entry in its closing lines makes the following statement:

"Compliance by plaintiff having been made the suspension is terminated as of this date."

We conclude that following the trial court's written opinion Mr. Farrand complied with the order of the Court and hence the above provision is contained in the entry actually filed at a later date.

The judgment entry made no provision for costs. We think the costs should have been adjudged against Mr. Farrand, and to this extent the judgment of the trial court will be modified.

Finding no prejudicial error, the judgment of the trial court as modified will be affirmed.

HORNBECK and GEIGER, JJ., concur.