**FARRAND, Plaintiff-Appellant, v. STATE MEDICAL BD., Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4031. Decided May 12, 1948.

Joseph W. Adkins Jr., Circleville, Richard Huggard, Collis Gundy Lane, Columbus, for plaintiff-appellant.

Hugh S. Jenkins, Atty. Genl., Joseph F. Ford, Asst. Atty. Genl., Columbus, for defendant-appellee.

**OPINION**

By MILLER, J.

This is an appeal on questions of law from the Court of Common Pleas of Franklin County, Ohio. The record discloses that on August 1, 1945, H. M. Platter, Secretary of the State Medical Board of Ohio, appellee herein, filed with the State Medical Board an application for suspension or revocation of certificate No. 848 of Jacob Harvey Farrand, appellant, to practice chiropractic and certificate No. 1029 of said appellant to practice mechanotherapy, charging that the said appellant on or about May 10, 1945, treated one Lena Ray for a tubercular infection of the lungs in violation of §1274-3 GC, and the rules and regulations covering limited practitioners.

The case came on for hearing pursuant to said application, before a duly appointed referee. At said hearing evidence was presented which resulted in a recommendation by the referee that both of the aforesaid licenses be revoked or suspended. The appellee concurred in the referee's findings and decree that both of the certificates of the appellant be revoked. A notice of appeal was duly filed in the Common Pleas Court and also a complete record of the proceedings had before the appellee. A hearing on the appeal was had in the Common Pleas Court which entered a judgment affirming the decision of the appellee. Because of one of the questions raised, the judgment entry is completely set forth and is as follows:

"This day this cause came on to be heard on the transcript and record certified to this Court by the appellee, as the com-

plete record of the proceedings before the appellee, the pleadings and argument of appellant's counsel, and the argument of counsel for the appellee, and was submitted to the Court; and the Court, upon consideration thereof and being fully advised in the premises, finds that the evidence contained in the aforesaid transcript and record .was competent and relevant to the issue as to whether or not appellant on or about May 10, 1945, treated Lena Ray for a tubercular infection of the lungs; that the evidence was substantial to justify and warrant the findings of the referee and appellee that appellant did treat the said Lena Ray as charged; that the conclusions of law of the referee and appellee are true and correct statements of the law applicable to the question of law raised by the proceedings had before appellee.

Thereupon, appellant filed an application for rehearing of said cause, which the Court declines to hear, rule, or pass upon for the reason that said application for rehearing constitutes unnecessary procedure.

Wherefore, it is adjudged and decreed that the decision of the State Medical Board of the State of Ohio be and it hereby is affirmed. Costs of the within action are assessed against the appellant.

Appellant, Jacob H. Farrand excepts to the finding, judgment, decree and declination of the Court."

The first assignment of error is that the Court erred in not giving the case consideration on its merits as an appeal de novo, but instead considered and decided the case merely as a review of the record certified by appellee. Our attention is called to the fact by the appellee that no formal bill of exceptions has been filed in this Court and therefore the errors assigned cannot be considered. However, we are of the opinion that this alleged error can be determined from the transcript. We do have filed in this Court a complete record of the proceedings before the appellee and the journal entry discloses that the Common Pleas Court based its finding upon this record. However, for the purpose of this appeal it is not necessary for us to determine whether or not this record supplants the necessity of filing a formal bill of exceptions, or a stipulation in lieu thereof.

The appellant is contending that the Court treated and considered this case as being an appeal in the nature of an appeal on law rather than an appeal in the nature of an appeal on law and fact. In its decision the Court stated that the appeal was on questions of law and fact, but it is

contended that a perusal of the opinion shows that it was not in fact so considered and decided. The entry journalizing this decision found that the evidence contained in the record was competent and relevant to the issue, that it was substantial to justify and warrant the findings of the Board and that the conclusions of law were correct. We are of opinion that this entry discloses that the trial court did not give the evidence and the record an independent consideration and arrive at an independent conclusion based on the record; that the entire treatment and consideration of the case was given from the standpoint of determining whether there was sufficient evidence to sustain the findings of the Board. It is therefore apparent that the Court did not consider or decide the case as an appeal de novo. The question here presented is the type of appeal provided for by §154-73 GC, effective on October 2, 1945, this being the date on which the appellee issued its order. The Code section referred to above provides in part that,

"Any person whose license has been revoked or suspended * * * by any agency * * * may appeal to the Common Pleas Court * * *."

This statute does not by its express terms define the nature of the appeal, but throughout simply uses the term "appeal" without further express qualification. We are of the opinion that the appeal contemplated is an appeal de novo in the nature of an appeal on law and fact. Prior to the enactment of the present appellate procedure act the word "appeal" had a distinct significance as meaning a chancery appeal as distinguished from the former error proceedings. It meant the same thing as the present term "appeal on law and fact". The former appeal meant that the case was heard and decided de novo from a consideration of the evidence presented to the appellate court. The meaning of the term "appeal" is illustrated by some of the decisions interpreting the former code Section 1276. This section, which was the former section governing appeals from the Medical Board, simply provided:

"An appeal may be taken from the action of the State Medical Board * * *,"

without further definition of the nature of the appeal.

In the case of **Rutledge v. The State Medical Board, 106 Oh St at page 549,** in considering §1276 GC, the Court said:

"We have, therefore, reached the conclusion that the applicant was entitled to an appeal, and to have the matter heard by the Court of Common Pleas upon appeal, and that the hearing should involve the merits of his claim."

In the case of **State Medical Board v. Quilter, 20 Abs 329,** the Court said:

"Under the provisions of §§1275 and 1276 GC and the decisions mentioned (**Rutledge v. State Medical Board, 106 Oh St. 544,** and **Nesmith v. State Medical Board, 107 Oh St 627**) it was the duty of the Common Pleas Court to hear the appeal of the defendant de novo upon the merits."

In **Farrand v. State Medical Board, 46 Abs 14,** the Court distinguishes the two types of appeal in the following words:

"This is important for the reason that in a de novo appeal the Court, to which the case or proceeding is appealed, tries it as an original action the same as though there had been no previous hearing and order, whereas in a review on error the reviewing court starts out with the proposition that the order or judgment is presumptively correct and may not be reversed unless it affirmatively appears that prejudicial error has intervened."

Under the present Appellate Procedural Act the word "appeal" used alone has no significance because the term is there used as "appeal on law and fact" and "appeal on law". We are of the opinion that when the Legislature enacted §154-73 GC and used the word "appeal" without further qualification, it necessarily intended that some definite meaning should be attached to the term. Such meaning cannot be attached by reference to the present Appellate Procedural Act, so that the only meaning which can be attached to it is by reference to the term in the former procedural act, which is the equivalent of the present appeal on law and fact.

In the case of **In re: Union Hospital Service Association, 75 Oh Ap 394,** the Court gave consideration to the interpretation of another appellate statute which involved an appeal from the decision of the Insurance Superintendent under authority of §669-11 GC. This statute provided in part:

"* * * The action of the Superintendent of Insurance shall be subject to review by appeal to the Court of Common Pleas

of Franklin County, Ohio. * * * Said cause shall proceed as a new civil action with the right of either party to submit evidence and to prosecute error and to appeal. * * *"

In interpreting this statute the Court at page 398 stated:

"It accorded a rejected applicant an appeal which was in fact a trial de novo."

At page 400 the Court in speaking of the statute stated:

"It provided that 'said cause shall proceed as a new civil action, with the right of either party to submit evidence'. It was equivalent to the right of an appeal on law and fact as we now know it. It granted a trial de novo, wherein the trial court might otherwise find contra to the judgment of the Superintendent of Insurance."

We note the similarity between the terms of §669-11 and §154-73 GC, wherein the statute reads that any person whose lisense has been revoked or suspended may appeal to the Common Pleas Court, and wherein §154-73 GC further provides:

"The hearing of the Court of Common Pleas shall proceed as in the trial of a civil action, and the Court shall determine the rights of the parties in accordance with the statutes applicable to such action. At such hearing counsel may be heard on oral argument, briefs may be submitted and evidence introduced if the Court has granted the request for the presentation of additional evidence."

In giving consideration to the terms of §154-73 GC as determining the nature of the appeal provided, it would seem that the procedure set forth is more consistent with an appeal on law and fact than it is with an appeal on law. The fact that additional evidence may be offered under certain conditions would indicate that the nature of the appeal would be on law and fact since it would be impossible for the Court to hear the appeal as one on law if additional evidence should be offered. The fact that additional evidence may not be offered in every appeal does not change this conclusion for it certainly was not the intention of the Legislature to provide for one type of appeal in one case and an entirely different type in cases in which the appellant should be entitled under the statute to offer additional evidence.

For the foregoing reasons we are of the opinion that the. appeal in this case was one on law and fact and not on law. We previously stated our conclusion that the record discloses that the Court considered the case as a law appeal. The failure of the Court to give the case his independent judgment violated a substantial right of the appellant. See **Rutledge v. Medical Board, 106 Oh St 544; State Medical Board v. Quilter, 20 Abs 329; Farrand v. State Medical Board, 46 Abs 14.** Whether on such independent consideration the Court may have reached the same conclusion as the Medical Board, or a different conclusion, is immaterial because regardless of the ultimate decision of the Court the appellant had the right to have his case so considered. In failing to give this consideration, the trial Court committed prejudicial error.

The other errors assigned relate to the evidence which has not been weighed by the trial court, but merely found that there was substantial evidence to support the finding of the referee.

The judgment is ordered reversed and the cause ordered remanded to the Common Pleas Court for further consideration.

WISEMAN, PJ, and HORNBECK, JJ, concur.