### TOTH, v. BOARD OF LIQUOR CONTROL.

Common Pleas Court, Franklin County.

No. 174774.   Decided December 6, 1948.

Hartz & Hartz, Akron, James G. Kahle, of Columbus, for :appellant.

Hugh S. Jenkins, Atty. Genl., Charles G. Schnur, Asst. Atty. Genl., Columbus, for appellee.

### OPINION

By CLIFFORD, J.

This action is an appeal on law and fact from a decision of the Board of Liquor Control of the State of Ohio, Appellee, in pursuance to §154-73 GC rejecting the application of John Toth, Sr., d. b. a. Toth Cafe, appellant, for a D-5 permit, on the sole ground "because the legal quota for D-5 permits in Akron is filled."

The law of Ohio governing quota is set forth in §6064-17 GC and the pertinent provisions thereof read as follows:

"Sec. 6064-17 GC.  * * * Not more than one Class D-3, Class D-4 or Class D-5 permit shall be issued for each two thousand

population, or part thereof, in any county, city or village, excepting that in any city of a population of fifty-five thousand or more, one Class D-3 permit may be issued for each fifteen hundred population, or part thereof."

The statute does not provide for the taking of a special census as do some statutes of a similar nature, nor does it make the last federal or any other census conclusive upon the question of population as do other statutes. Counsel for said Board of Liquor Control insist that the last preceding federal census of 1940 controls, and, since it shows a population of 244,791, applicant is concluded thereby, and that therefore the issued and outstanding number of 125 D-5 permits was two over the established quota. Undoubtedly the federal census is prima facie evidence of the population it discloses, and it, or any other census, might by statute be made conclusive upon the subject. But in the absence of any statutory declaration to that effect, no existing census can be held conclusive when the fact is challenged, as in this case. We find from the record in this case that the applicant introduced evidence which shows conclusively that the population of the City of Akron for the year 1947 to be substantially in excess of 280,000, but that said Board of Liquor Control did not offer any evidence to controvert that fact, having relied upon the federal census of 1940. The federal census is taken once every ten years. Hence a very good reason existed why the Legislature did not make the federal census the test of population. If it had, in many rapidly growing communities, applicants might have to wait nearly ten years before they would be eligible for such permits. It was no doubt deemed quite safe to depend upon the actual fact as to what the population was, since it is not very difficult to determine the population of any county, city or village by relevant and competent evidence, as was adduced in this case relative to the City of Akron. A special enumeration could, of course, have been provided for; but it was not, and it is idle to speculate why. In conclusion, the court holds that where the Legislature fails to provide, as in §6064-17 GC, a specific census or other method of enumeration, population may be proved by relevant and competent evidence as any other fact, and that the record in this case shows conclusively that the quota for Akron was not filled.

In this action appellant also contends that he is entitled to adjudication by the court providing for the issuance of a D-5 permit. An examination of the record fails to disclose any question but that he is a citizen of the United States, a

resident of Ohio for one year prior to his application, and a person free from previous conviction of felony, all as required by §6064-17 GC. He is in fact the present holder of a D-2 permit. There is no evidence in the record, nor is it even contended by the department or the board that this appellant should not have a D-5 permit except for the sole reason that the quota for Akron was filled.

As heretofore stated, this action is an appeal in pursuance to §154-73 GC, on law and fact, and therefore, this court must give this action its independent judgment, and to fail to so do, would violate a substantial right of the appellant. (See Farrand v. State Medical Board, Court of Appeals for the Second District of Ohio, 52 Abs 552.

The Department of Liquor Control is charged with the power and duties of granting of liquor permits. §6064-8 GC, in part provides:

"The Department of Liquor Control shall have all the powers and duties vested in and imposed upon a department. In addition thereto, the department shall have and exercise the following powers:

\*　　　\*　　　\*　　　\*　　　\*

2. To grant, or refuse permits for the manufacture, distribution, transportation and sale of beer and intoxicating liquor and the sale of alcohol, as authorized or required by this act \* \* \*."

Sec. 6064-17 GC, and particularly the quota provision thereof is a part of the Liquor Control Act. It appears to the court that in this case the department first, later the board, in its hearing on appeal, did not abide by the legislative intent expressed in said Act in rejecting appellant's application for a D-5 permit because the quota for Akron was filled. Therefore, the court finds that said appellant on the evidence disclosed by the record and the law, is entitled to a D-5 permit, and that the decision of said department and board should be and is reversed. Entry may be drawn accordingly.